IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND ADAMS, JR., | No. 4:21-CV-01729 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SCOTT MIDDENDORF and SHELLEY MIDDENDORF, | |
| Defendants. | |

MEMORANDUM OPINION

SEPTEMBER 10, 2024

## I.     BACKGROUND

On October 8, 2021, Raymond Adams, Jr., Plaintiff, filed a one-count Complaint against Scott and Shelley Middendorf, Defendants.[1] After the parties conducted discovery, Defendants filed a Motion to Exclude Testimony or Evidence of Falling Down or From Stairs on July 25, 2024.[2] That motion is now ripe for disposition; for the reasons below, it is denied.

---

[1] Doc. 1 (Compl.).
[2] Doc. 34 (Defendants' Motion to Exclude Testimony or Evidence of Falling Down or From Stairs).

## II.  FACTUAL BACKGROUND

### A.  Layout of the Middendorf Home

Defendants have converted the attic of their home into a room frequented by their adult children and their children's friends.[3] To access this room, guests have to climb a ladder that lacks any railings.[4] This room is only accessible from the main living floor of Defendants' home.[5]

### B.  Skylar Middendorf's Birthday Party

On May 8, 2020, Defendants' son, Skylar Middendorf, held his 21st birthday party at his parents' home; Raymond Adams attended the party.[6] During the course of this party, Adams became intoxicated despite being underage.[7] Defendants were aware that Adams had been drinking, and Shelley Middendorf prevented Adams from leaving their home in his truck.[8]

### C.  Raymond Adams' Spinal Injury

Sometime overnight, Plaintiff severely injured his back; due to the amount he had to drink, Adams does not remember what caused his injury.[9] Instead,

---

[3] *Id.* at 1.
[4] *Id.*
[5] *Id.*
[6] Doc. 36 (Brief in Opposition to Motion to Exclude), Ex. A (Shelley Dep. Transcript) at 24:8-12, 33:22-35:3.
[7] Doc. 1 (Compl.) ¶¶ 8-10.
[8] Doc. 34 (Defendants' Motion to Exclude Testimony or Evidence of Falling Down or From Stairs) at 4.
[9] *Id.* at 3.

Plaintiff awoke on a couch in the Middendorf's garage to pain in his back.[10] His brother eventually drove him to the hospital from the Middendorf's home.[11] Due to his injury, Adams required surgery.[12] According to Adams' mother, Ana Trejo, Shelley Middendorf told her that "the kids" claimed Adams fell down the stairs.[13]

### III. DISCUSSION

Defendants' ask this Court to preclude testimony that Plaintiff fell down the stairs in their home from the third-floor converted attic. This motion implicates testimony from Trejo as well as Plaintiff's medical records and expert medical reports.

#### A.   Ana Trejo's Testimony

The first statement Defendants seek to exclude is one allegedly made by Shelley Middendorf to Plaintiff's mother, Ana Trejo. At her deposition, Trejo stated:

> A.   And I said, "What have they given you, or have you taken anything?" And he said, "Shelley gave me Tylenol, and she brought me a heating pad." And I said, "Where is she?" And he said, "She's upstairs."
>
> So I have her number. They used to be our landlords and then because I've known her forever since we've been there.

---

[10] Doc. 36 (Brief in Opposition to Motion to Exclude), Ex. A (Shelley Dep. Transcript) at 59:6-9, 72:24-73:1.
[11] Doc. 36 (Brief in Opposition to Motion to Exclude), Ex. A (Shelley Dep. Transcript) at 73:4-19.
[12] *Id.* at 65:11-14.
[13] Doc. 34 (Defendants' Motion to Exclude Testimony or Evidence of Falling Down or From Stairs) at 4.

> Q. Shelley?
>
> A. Shelley. So, I called her, and I asked her – she answered. I said, "Shelley, what happened?" She said, "Well, the kids said that Raymond fell down the stairs." And I said, "Why is he still laying on your couch?"[14]

The initial statement from Shelley is clearly non-hearsay as a party opponent statement.[15] But the statement from "the kids" must be admissible as well.

This analysis naturally depends on the context in which it is offered. For example, this statement could be offered to show the basis of Shelley's purported understanding and belief on May 9, 2020 that Adams fell down the stairs, as opposed to offering it to prove that Adams actually fell. Depending on the testimony elicited at trial, this may or may not be relevant. Because this analysis is context dependent, I deny Defendants' motion on this issue without prejudice. Should Plaintiff attempt to elicit this testimony at trial, Defendants may object at that time.

### B. The Medical Records

Defendants also seek the exclusion of a statement in Adams' medical history. The relevant portion of the record states:

> Raymond Adams is a 20-y.o. male who presents as a transfer from Towanda as a transfer with spinal injury. The history is that he fell down sequentially a series of stairs. There is mechanism of injury however is incongruous given the degree of fracture in the L1 vertebral body. He was inebriated at the time and awoke this morning

---

[14] *Id.*
[15] FED. R. EVID. 801(d)(2).

with pain and was brought to emergency room. It is estimated that the injury occurred at 2 or 3 AM this morning. Presently his only complaint is that of back pain. He will note dysesthesia of over the lateral aspect of either foot but otherwise has no complaints of weakness or sensory alteration.[16]

Under Federal Rule of Evidence 803(4), a "statement that is made for – and reasonably pertinent to – medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" is admissible as an exception to the rule against hearsay. Despite Defendants' argument to the contrary, there is no requirement that the declarant be a party to this action.[17]

The statement in Plaintiff's medical records is related to the general cause of his spinal injury. It is presumed that someone, perhaps Plaintiff's mother, relayed that information to Adams' surgical team. As such, I will not exclude this statement nor will I preclude Plaintiff's experts from relying upon it, so long as their opinions are otherwise admissible.

## IV.   CONCLUSION

Excluding evidence in a motion in limine requires the Court to definitively conclude that all possible uses of that evidence are improper. As the movants, Defendants failed to meet their burden. It is not clear that admitting Trejo's

---

[16]   Doc. 34 (Defendants' Motion to Exclude Testimony or Evidence of Falling Down or From Stairs) at 5.
[17]   *E.g.*, *Mieczkowski v. Salvation Army*, No. 3:15-cv-2146, 2017 WL 5593290, 2017 U.S. Dist. LEXIS 192243, at *7 (M.D. Pa. Nov. 21, 2017) (Munley, J.).

testimony would be improper under all circumstances, and the medical testimony is plainly admissible under Federal Rule of Evidence 803(4). Accordingly, I deny this motion without prejudice to Defendants' ability to object at trial to the admission of Trejo's testimony. The motion is otherwise denied with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge